J. H. BOSHIER, JOSEPHINE BOSHIER, HIS WIFE, J. H. SNYDER, AND AMELIA SNYDER, HIS WIFE, *Appellants*, v. THEODORE MOELLER, *Appellee*.

Opinion Filed January 16, 1922.

The findings of a chancellor on questions of fact when the testimony is taken before him are entitled to the same weight as the verdict of a jury, and if there is competent evidence, which if he believed will support his findings they will not be disturbed, unless clearly erroneous.

An Appeal from the Circuit Court for Palm Beach County; E. C. Davis, Judge.

Decree affirmed.

*Robbins & Robbins* and *A. R. Roebuck*, for Appellants;

*Edgar C. Thompson* and *Bert Winters*, for Appellee.

BROWNE, C. J.—This is a suit by bill in equity to subject to execution, property claimed to be exempt as a homestead. The bill after allegations in relation to the judgment, execution and other proceedings and description of the property, alleged that the defendant "does not use the house mentioned as the North house and the tenant dwelling on the West end of the lot for the purpose of a home or for his business as florist and gardner."

The defendant in his answer admits all the allegations of the bill in relation to the judgment and execution and denies "that there are located on the East end of said lot facing on Poinsettia Street two dwellings setting side by side, but avers that situated upon the East end of said lot is a single dwelling house occupied by himself and his family as a dwelling house and as a storage house for his bulbs, plants, shrubs and other products and for the tools and implements used by him in his usual occupation as a florist and gardner.

"The defendant admits that there is located on the back or West end of said lot a small house, but denies that it is rented to tenants, this defendant avering that said house is occupied by domestics and servants of his family and as a storage room for his plants, flowers, shrubs, vegetables,

tools and implements used in his occupation as a florist and gardner.

"The defendant further answering alleges and avers that his occupation is that of a florist and gardner; that his place of business is his home located on Lot 5 in Block 29 of W. S. Clow's Addition to the City of West Palm Beach, Florida; that all of said lot other than that part covered by the buildings thereon is used and cultivated by him in the growing and production of flowers, plants, shrubs, vegetables and herbs for the market and that the buildings thereon are all used by him as a dwelling and place of business and as storage places for his plants, flowers, shrubs, vegetables and tools and implements and for quarters for servants and domestics for his family and that said lot and the building thereon constitute the homestead and business house of this defendant are exempted by the constitutions laws of the State of Florida from forced sale under the executions aforementioned and described."

Upon this issue testimony was taken, and there was conflict in the testimony as to the character of the occupancy of the premises by the owner as a homestead as well as on the question of the use that was made of the outhouse in the back of the lot.

These questions of fact accordingly as they were resolved by the chancellor determines the right of the defendant to his constitutional homestead exemption in the premises.

The chancellor found "that the evidence fails to sustain the allegations of the complainant's bill." There was competent evidence, which if the chancellor believed, sustains this finding, and upon this finding of fact he based the legal conclusions of his decree.

"That all of Lot five (5) of Block twenty-nine (29) of W. S. Clow's Addition to the City of West Palm Beach, Palm Beach County, Florida, constitute the homestead of the defendant, Theodore Moeller."

"That no part of the homestead of the defendant * * * is subject to the execution of complainants."

"That no part of Lot five (5) of Block twenty-nine (29) * * * is subject to or under the lien of the judgments of complainants."

"That all of Lot five (5) in Block twenty-nine (29) * * * is exempt under the Constitution and Laws of the State of Florida from forced sale under the executions issued upon the judgments of complainants, Josephine Boshier and Amelia Snyder, or upon either of them."

This court is committed to the doctrine, that the findings of the chancellor on questions of fact are entitled to the same weight as the findings of the jury, the right of a jury to accept and reject such testimony as it sees fit, and that, if there is competent evidence which if the jury believed, would support the verdict, it will not be disturbed.

The decree resolves the issues of fact against the complainant, and unless we can say that such finding was wholly unwarranted by the testimony, or that the chancellor clearly erred in deciding what testimony he would accept and what testimony he would reject, and in determining the probabtive force of the evidence as a whole, we cannot say that his decree was error.

The decree is affirmed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.